## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JAN H. C. GOODWIN,

     Plaintiff,

v.                                   Cause No. 1:21-cv-00483-JHR-KK

GOVERNOR MICHELLE LUJAN GRISHAM,
Individually and as Governor of the State of New Mexico;
STATE OF NEW MEXICO, STATE OF NEW MEXICO
OFFICE OF THE GOVERNOR; NEW MEXICO STATE
DEPARTMENT OF FINANCE AND ADMINISTRATION (DFA);
DEBORAH K. ROMERO, individually and as Cabinet Secretary
of DFA; NEW MEXICO STATE RISK MANAGEMENT
DIVISION (NMRMD); MARK TYNDALL, individually and as
Director of NMRMD; NEW MEXICO EDUCATIONAL RETIREMENT
BOARD (NMERB); RUSSELL GOFF, LARRY MAGID,
MARY LOU CAMERON, DONALD DUSZYNSKI, RYAN STEWART and
ADAN DELGADO, TIM EICHENBERG and STEPHANIE M. RODRIGUEZ
individually and as Trustees of the NMERB; STEVEN GLUCKSTERN,
individually and as former Trustee of the NMERB; and YET-TO-BE-Identified
CO-CONSPIRATORS, ENABLERS AND/OR AGENTS,

     Defendants.

## DEFENDANT NEW MEXICO EDUCATIONAL RETIREMENT BOARD'S
## MEMORANDUM BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

Defendant, New Mexico Educational Retirement Board ("ERB")[1] files this memorandum

brief in support of its motion to dismiss the claims pled against it in Plaintiff's First Amended

Complaint (Doc No. 8, filed July 31, 2021) (hereinafter "Complaint"). As Plaintiff has

acknowledged in her Complaint and the exhibits attached to and filed with the Complaint[2], ERB

---

1 By a stipulation filed with the Court on August 18, 2021 (Doc No. 15), the individually named
Board members in Plaintiff's First Amended Complaint (Steven Gluckstern, Russell Goff, Larry
Magid, Mary Lou Cameron, Donald Duszynski, Ryan Stewart, Adan Delgado, Tim Eichenberg,
and Stephanie M. Rodriguez) have been dismissed from this case.
2 The district court may consider documents referred to in the complaint if the documents are
central to the plaintiff's claim and the parties do not dispute the documents' authenticity.
*Hampton v. Root 9B Technologies*, 897 F.3d 1291, 1297 (10th Cir. 2018).

made numerous attempts to secure a pay raise for Plaintiff but co-Defendant Department of Finance and Administration ("DFA") refused to process the pay raises. For this reason and additional reasons discussed below, Plaintiff has failed to state a claim against ERB as a matter of law pursuant to Fed. R. Civ. P. 12 (b)(6).

## I.   <u>MOTIONS TO DISMISS</u>

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a cause of action for failing to state a claim for which the court can grant relief.  Although Federal Rule of Civil Procedure 8(a)(2) permits a plaintiff to make "a short and plain statement of the claim showing that the pleader is entitled to relief," it nonetheless requires a plaintiff to plead factual allegations that "give the defendant fair notice of what the ... claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

To survive a motion to dismiss, Plaintiff's complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Twombly*, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In reviewing a motion to dismiss, the court accepts as true the well-pled factual allegations and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor. *Alvarado v. KOB–TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *David v. City & Cty. of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996)). "[A] plaintiff must offer specific factual allegations to support each claim." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555). A

complaint survives only if it "states a plausible claim for relief," though courts recognize that "[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context." *Id.* at 1214–15 (quoting *Iqbal*, 556 U.S. at 679).

## II.    RELEVANT ALLEGATIONS TAKEN FROM THE COMPLAINT AND THE ATTACHED EXHIBITS

Plaintiff's Complaint totals 99 pages (110 paragraphs not including multiple subparagraphs) and has 15 causes of action.  Essentially, Plaintiff's basic claim is that although she was making a *substantial* salary as Executive Director of ERB (*see* Complaint at Exhibit E at p.1 and Complaint at Exhibit H ¶¶ 34-37), she was paid less than men in State government.  In no instance, however, does she claim she was paid less than other similarly situated individuals who worked at ERB, the entity she identifies as her employer.  Plaintiff's suit alleges various causes of action, including age, race and gender discrimination; violation of 42 U.S.C. § 1983; and violations of due process and equal protection under both the United States and New Mexico Constitutions.  She also asserts she was retaliated against in violation of Title VII and the New Mexico Whistleblower Protection Act ("WPA") and has made claims under the Equal Pay Act ("EPA") and the New Mexico Fair Pay for Women Act ("FPWA"), as well as a breach of contract claim and tort claims.

Despite Plaintiff's numerous causes of action against ERB, there are several fatal flaws that defeat Plaintiff's claims at the outset and justify dismissal.  First, ERB's governing board employs only one director (which was Plaintiff from 2008 until 2021 (*see* Complaint at ¶¶ 22, 38)) who serves at the pleasure of the Board.  Thus, there are no other individuals similarly situated that are employed by ERB, which is a stand-alone agency with its own functions, budget, and governance. Thus, Plaintiff (who was already one of the highest paid employees at

ERB) cannot show that there is anyone in the same "establishment" (as that term is used in cases brought under the EPA and the FPWA) similarly situated to Plaintiff.

Secondly, Plaintiff was not a victim of any form of discrimination. As Plaintiff acknowledges, ERB approved multiple salary increases for Plaintiff which were rejected by DFA.  *See* Complaint at Exhibits E and F.  ERB protested DFA's actions in denying salary increases to both male and female ERB employees, including Plaintiff.  *See* Complaint at Exhibit E.  Because DFA refused to implement these salary increases, ERB filed a Complaint for Declaratory Judgment against DFA seeking an order from the Court that ERB had authority to approve these increases and DFA was without authority to refuse to process them.  *See* Complaint at Exhibit H (Complaint for Declaratory Judgment filed in State Court on 2/22/21). In that action, ERB cited its legal arguments for why it believes it has the authority to set ERB salaries.  That suit is pending in New Mexico's First Judicial District Court.

These facts alone are inconsistent with Plaintiff's claims of unequal pay, discrimination and retaliation, and they demonstrate that dismissal as a matter of law is appropriate.  Further, Plaintiff's Complaint and the exhibits attached document ERB's desire to implement pay raises for Plaintiff and other ERB employees, which were barred by the actions of DFA.  These facts in Plaintiff's Complaint preclude any suit against ERB for wrongful acts or discrimination. Additionally, all of Plaintiff's claims against ERB, a state agency under 42 U.S.C. § 1983, are barred by the doctrine of sovereign immunity.  Similarly, Plaintiff's tort claims against ERB are barred by the immunity provided by the New Mexico Tort Claims Act.

1.     Plaintiff claims that she is over 40 and was "forced" on May 28, 2021, to terminate her employment (constructive discharge by forced resignation) as Executive Director

of ERB.  She had been employed there in that capacity since March of 2008.  Complaint at ¶¶ 3, 38.

2.      Plaintiff has sued ERB to, "among other things, insure [*sic*] the enforceability of a judgment awarded to Plaintiff."  Complaint at ¶ 10.

3.      Plaintiff alleges that when she was hired at ERB in 2008, she was paid an annual salary of approximately $13,000 less than the male Executive Director ("Slattery") of the Public Employees Retirement Association ("PERA").  She claims that these two jobs required equal skill, effort and responsibility and were performed under similar working conditions.  Complaint at ¶ 24.

4.      In August 2009, Plaintiff's annual salary was increased to an amount comparable to that paid to Slattery, although she was not given any back pay to correct the difference that she should have received for 18 months.  Complaint at ¶ 25.

5.      In April 2010, Steven Moise was hired as the Senior Investment Officer for the State Investment Council ("SIC") and was "to be paid an annual salary of over $100,000.00 more than" Plaintiff.  Plaintiff claims her job was equivalent to this position as well.  Complaint at ¶ 26.

6.      Plaintiff alleges that Moise's original appointment was illegal because he was not qualified for the position and that Plaintiff is more qualified and does a better job.  Complaint at ¶ 31.

7.      Plaintiff claims that the pay disparity is discriminatory based upon race and/or gender and/or age.  Complaint at ¶ 32.

8.    Plaintiff further claims that even in the absence of illegal discrimination, she is entitled to equal pay for equal work under the New Mexico Fair Pay for Women Act.  Complaint at ¶ 33.

9.    Plaintiff acknowledges that ERB voted for and approved an increase in Plaintiff's salary in June 2016, to be phased in over three years, and she claims this was an attempt to narrow the pay gap between her and Moise.  Plaintiff asserts this increase was never implemented by DFA at the direction of former Governor Martinez. Complaint at ¶ 34(A).

10.    Plaintiff admits that the ERB "made a good faith effort" to "correct [Plaintiff's] pay disparity."  Complaint at ¶ 35.

11.     Plaintiff alleges that ERB voted again in December 2017 and May 2018 to increase Plaintiff's salary, but the increase was again vetoed by former Governor Martinez via DFA.  Complaint at ¶ 34(B).  ERB took the position that there was no legal basis for DFA to veto the decisions of salaries for ERB employees.  *Id.*; *see also* Complaint Exhibits E and F (Exhibit E contains a letter from ERB to Secretary Duffy Rodriguez at DFA, dated April 25, 2018, arguing why DFA should not interfere with the salary increases ERB had approved for Plaintiff and three men identified in the letter; Exhibit F is a personnel action request form further demonstrating that ERB authorized a pay rate change for Plaintiff).

12.    In early 2019 after Governor Lujan Grisham took office, ERB resubmitted paperwork to increase Plaintiff's salary.  Plaintiff ultimately received a 5% raise rather than the 46% raise that ERB proposed. Complaint at ¶ 34(D).

13.    ERB then filed a lawsuit for declaratory judgment against DFA on February 22, 2021.  Complaint at Exhibit H.  Plaintiff claims that lawsuit constitutes a "tacit protected complaint of gender and age discrimination made on behalf of Plaintiff, and other[s] similarly

situated[.]"  Complaint at ¶ 34(G).  Plaintiff asserts she is referred to in that lawsuit as "Professional Staff Member 3."  *Id*.

14.     Plaintiff alleges she was forced to seek employment in another state because she did not receive a pay increase.  Complaint at ¶ 35. Plaintiff claims she was constructively terminated on May 28, 2021.  Complaint at ¶ 38.

### III.     STATE LAW GOVERNING ERB

ERB is an agency that is governed by the New Mexico constitution (N.M. Const. Art XX, § 22) and statute (the Educational Retirement Act, NMSA 1978, §§ 22-11-1 to -55) and is separately managed and administered by its own Board.  *See* NMSA 1978, § 22-11- 6.  The Board employs a director who serves at the pleasure of the Board whose salary is set by the Board. NMSA 1978, §22-11-7(A) and 2.82.1.13 NMAC.  ERB is separate from PERA and SIC, which are governed by two different statutes – NMSA 1978, § 6-8-7 (Powers and duties of state investment council and state investment officer) and NMSA 1978, § 10-11-131 (Retirement board; officers; employment of services-retirement board appoints its executive director).  The three entities have separate responsibilities and functions under New Mexico law, and Plaintiff acknowledges that her employer was ERB, not PERA or SIC.

### IV.     ARGUMENT ON PLAINTIFF'S CLAIMS

#### A.     Pay-Based Claims Count I (New Mexico Fair Pay for Women Act), Count II (Equal Pay Act) and Count IV (The Lilly Ledbetter Fair Pay Act of 2009)

To establish a *prima facie* case under the EPA, a plaintiff must demonstrate that: "(1) she was performing work which was substantially equal to that of the male employees considering the skills, duties, supervision, effort and responsibilities of the jobs; (2) the conditions where the work was performed were basically the same; (3) the male employees were paid more under

such circumstances." *Dolin v. ThyssenKrupp Elevator Corp*., No. CV 16-529 GBW/GJF, 2019 WL 452740, at \*20 (D.N.M. Feb. 5, 2019).  If the plaintiff establishes a *prima facie* case, the burden of persuasion then shifts to the defendant to prove that the wage disparity was justified for one of four permissible reasons: (i) a seniority system; (ii) a merit system; (iii) a pay system based on quantity or quality of output; (iv) a disparity based on any factor other than sex. *Lowe v. New Mexico ex rel. King,* 2014 WL 12796841 at \*7 (D. N.M. Mar. 28, 2014**)**, *citing* 29 U.S.C. § 206(d)(1) and *Mickelson v. N.Y. Life Ins. Co.*, 460 F.3d 1304, 1311 (10th Cir. 2006).

The New Mexico FPWA is a relatively new statute.  Nevertheless, this Court has had occasion to consider the FPWA in a few instances and has looked to the EPA for guidance, as they are coterminous, and the Court has therefore previously analyzed New Mexico wage discrimination claims using the rubric of the EPA.  *See Darr v. New Mexico Dept. of Game and Fish*, 403 F.Supp.3d 967, 1001 (D. N.M. 2019).

Plaintiff's claims under both statutes fail for multiple reasons.  First, Plaintiff acknowledges that her employer was ERB, not PERA or SIC.  Consequently, Plaintiff's male comparators are not employed within the same "establishment" as that term is used in the Equal Pay Act and the New Mexico Fair Pay for Women Act as a matter of law  While ERB had some authority to determine Plaintiff's salary and that of other ERB employees (whether it had sole authority is the basis of its Complaint for Declaratory Judgment filed against DFA (*see* Complaint at Exhibit H (Complaint for Declaratory Judgment filed 2/22/21)), it had no involvement in setting the salary of Mr. Slattery at PERA or of Mr. Moise at SIC, as these were wholly different agencies, with separate duties and governance.  The fact is that under New Mexico law, these agencies are separately managed and only the salary decisions for ERB are in the control of ERB's Board.

To be able to make a meaningful comparison under the EPA and, by extension, the FPWA, the individuals whose salaries are to serve as comparators must work for the same "establishment" as the complaining party.  *See* 29 C.F.R. § 1620.9.  The concept of "establishment" refers "to a distinct physical place of business rather than to an entire business or 'enterprise' which may include several separate places of business."  *Id.*  Accordingly, each physically separate place of business is ordinarily considered a separate establishment. Occasionally, as this regulation clarifies, circumstances may call for two or more distinct physical portions of a business enterprise being treated as a single establishment. For example, a central administrative unit may hire all employees, set wages, and assign the location of employment; employees may frequently interchange work locations; and daily duties may be virtually identical and performed under similar working conditions. Barring unusual circumstances, however, the term "establishment" will be applied as described in paragraph (a) of this section.  *Id.*; *see also Mulhall v. Advance Sec., Inc.*, 19 F.3d 586, 591 (11th Cir. 1994) ("The hallmarks of this standard are centralized control of job descriptions, salary administration, and job assignments or functions.").

This Court has previously considered the establishment issue in a case involving the City of Albuquerque. In *Thompson v. City of Albuquerque,* 950 F.Supp. 1098, 1102 (D.N.M. 1996). *,* even though the plaintiff and the comparators all worked for the City of Albuquerque, they worked for different city departments, different department directors and managers, their department files were kept separately, and their salaries were paid through different departmental budgets.  Consequently, the court found that these differences supported a finding that plaintiff and the comparators "were not part of the same establishment." *Id.*; *see also Sharp v. Ephraim Regional Med. Ctr., Inc.*  2010 WL 716187 (E.D. Ky. 2010) (holding that male employee did not

perform work that was substantially equal to female employee's work because they worked at different establishments that were physically separate places of business even though the two establishments were both subsidiaries of the same parent corporation).

In the usual circumstance, the court is asked to consider whether different offices of the same employer constitute the same establishment.  Here, we are not dealing with the same employer, the same work location, the same central administrative personnel functions, or even the same employer.  Plaintiff cannot, as a matter of law, satisfy the "same establishment" requirement of the EPA and FPWA.  Thus, Plaintiff has failed to make a *prima facie* case under the EPA or the FPWA, as she has not alleged facts to support that the working conditions with which she compares herself were substantially the same.

 Plaintiff alleges that ERB actually attempted to secure multiple raises for her, independent of the reasons Plaintiff alleges, but was prevented from doing so by DFA.  *See e.g.* Complaint at ¶ 35 (acknowledging that the ERB and its Trustees "were the only Defendants who made a good faith, albeit inadequate effort to substantially correct the pay disparity.").  Thus, any pay differential upon which Plaintiff seeks to rely cannot be based on gender and any damages which Plaintiff asserts were not caused by ERB.  Thus, Plaintiff's claims of unequal pay under the EPA and FPWA fail as a matter of law.

Plaintiff also seeks to make a claim under the Lilly Ledbetter Act.  This Act, however, merely expands the ability of a prevailing female plaintiff to recover damages for unequal pay going back to the commencement of the disparity alleged in the complaint; it does not provide a separate cause of action.  *See Jones v. Richland Cty.*, No. CV 3:16-466-MBS-KDW, 2016 WL 11409594, at *2–3 (D.S.C. June 13, 2016) (dismissing plaintiff's Ledbetter Act cause of action because the Act does not create a separate substantive claim apart from Title VII). Although

Plaintiff claims she has been the victim of pay disparity since her hiring, she has no viable claim

of unequal pay under the Equal Pay Act, as ERB has shown, so this claim likewise must fail.

> **B.    Statutory Discrimination Class-Based Claims Count III (Title VII Gender and/or Race Discrimination); Count V (Age Discrimination in Employment Act ("ADEA")) and Count VI (New Mexico Human Rights Act (Age, Gender and Race))**

Plaintiff asserts wrongful and unlawful discrimination against ERB based on gender

and/or race and/or age.  First, it is patently illogical to allege discrimination against ERB when

ERB made attempts in good faith to increase her pay, as she herself admits.  *See* Complaint at

¶ 35.  Furthermore, Plaintiff does not allege any facts which would support that ERB set her pay

unfairly because of gender, age, or race discrimination.  Plaintiff's claim of discrimination is

articulated as: "Defendants wrongfully and unlawfully discriminated against Plaintiff, a

Caucasian woman over 40 years of age, by failing to equally compensate her for the work

performed by her which was equal to that of her more-fairly-compensated male peer, Steven

Moise."  Complaint at ¶ 54.  Regarding her claim of age discrimination, Plaintiff asserts:

"Defendants, by their acts and/or omissions as described above, did so discriminate, in whole or

in part, against Plaintiff because she was an older woman (over the age of 40 years old)."

Complaint at ¶ 65.

Plaintiff's bald allegations of discrimination fail to state a claim as a matter of law.

Federal law requires a plaintiff to plead facts supporting such a claim, rather than just conclusory

assertions. For a claim to survive a motion to dismiss, its factual allegations must be enough to

raise a right to relief above the speculative level and be plausible on its face. *Robbins v.*

*Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). "Plausible" in this context "must refer to the

scope of the allegations in a complaint: if they are so general that they encompass a wide swath

of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line

from conceivable to plausible.'" *Id.* at 1247 (citing *Twombly*, 127 S. Ct. 1955, 1974 (2007)).

The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just

speculatively) has a claim for relief. *Robbins,* 519 F.3d at 1247.  The Tenth Circuit noted that

the *Twombly* Court was "particularly critical" of complaints that "mentioned no specific time,

place, or person involved in the alleged conspiracies." *Id.* at 1248 (citing *Twombly,* 127 S. Ct. at

1971 n. 10); *see also Swepi*, *LP, v. Mora County*, N.M. 81 F.Supp.3d 1075, 1123 (D.N.M. 2015)

("A complaint need not set forth detailed factual allegations, yet a 'pleading that offers labels and

conclusions or a formulaic recitation of the elements of a cause of action' is insufficient.")

(quoting *Iqbal*, 556 U.S. at 678 and citing *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955).

In light of what Plaintiff admits in her Complaint, namely her admission that ERB was

her advocate in attempting to secure her a raise in pay and acted in good faith in doing so, her

claim of discrimination is simply not plausible.  Thus, it is not surprising that she has alleged no

specific facts in support of her claims of discrimination, whether it be based on race, gender, or

age.  Plaintiff's statutory claims of discrimination are therefore without factual support and

should be dismissed.

The illogic of Plaintiff's claims is further illustrated by the following aspect of Plaintiff's

claim of discrimination under the ADEA: Plaintiff alleges that her claim of age discrimination is

evidenced by the fact that a higher salary was paid to someone *older* than her (and who had a

different employer), which on its face defeats her claim.  *See* Complaint at ¶ 26 (stating that

Moise is "approximately 10 years older than [Plaintiff.]").  The Age Discrimination in

Employment Act prohibits employers from discriminating against individuals with respect to the

terms of their employment on the basis of their age  *See, e.g.,* 29 U.S.C. § 623(a)(1) ("It shall be

unlawful for an employer—to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."). "To prove a *prima facie* case of age discrimination a plaintiff must show: 1) she is a member of the class protected by the [ADEA]; 2) she suffered an adverse employment action; 3) she was qualified for the position at issue; and 4) she was treated less favorably than others not in the protected class." *Jones v. Okla. City Pub. Sch.,* 617 F.3d 1273, 1279 (10th Cir. 2010).

In *Beaird v. Seagate Tech., Inc.,* the court noted that generally, the fourth element is established "through circumstantial evidence that the plaintiff was treated less favorably than younger employees[.]" 145 F.3d 1159, 1165 (10th Cir. 1998). Consequently, the court concluded that the plaintiff's attempt to employ another worker who was fifteen years older than the plaintiff could not support a claim of age discrimination. *Id.* at 1172.

It should be further noted that Plaintiff's ADEA claims against the State are extremely circumscribed by the U.S. Supreme Court's holding in *Kimel v. Fla. Bd. of Regents,* 528 U.S. 62, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000), wherein the Supreme Court determined that the ADEA did not validly abrogate the states' constitutional sovereign immunity from suit so as to permit an aggrieved individual to recover damages against a state agency. Plaintiff's ADEA claim only seeks damages, and not an injunction or any other form of prospective relief.

For these reasons, Plaintiff's claims alleging race, age and gender discrimination should all be dismissed.

> **C.**     **Count VII (Claim under 42 U.S.C. § 1983 alleging age, gender and race discrimination)**

Count VII seeks to assert claims under 42 U.S.C. § 1983 against ERB. This claim is easily disposed of because ERB is a state agency (Complaint at ¶ 10) and is immune from suit

under § 1983 as it is not a "person" for purposes of that statute. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 62-71 (1989).

Although Plaintiff also purports to seek damages for intentional discrimination pursuant to 42 U.S.C. section 1981a, that statute specifically excludes governmental entities from its provisions. *See* 42 U.S.C. section 1981a (b) (1) (stating that a complaining party may not recover punitive damages against the "government, government agency or [a] political subdivision").

        **D.**      **Constitutional Claims - Count VIII (Violation of Due Process and Equal Protection under 14th Amendment) Count IX (Violation of Due Process, Equal Protection and Sex Discrimination Under the New Mexico Constitution)**

Suits for violations of the United States Constitution are brought under 42 U.S.C. § 1983. *See Dennis v. Higgins*, 498 U.S. 439 (1991); *see also* 42 U.S.C. § 1983 (providing a cause of action for deprivation of "any rights, privileges, or immunities secured by the Constitution [of the United States] and laws"); *Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 257 (2009) (finding that Equal Protection Clause claims must be brought under Section 1983). As previously observed, the law is quite clear that "[t]he passage of § 1983 into law did not disturb the States' Eleventh Amendment immunity," and that a "State is not a 'person' within the meaning of 1983." *Conner v. Rodriguez*, 2010 WL 11619172, *3, No. 10-cv-512 WPL/WDS (D.N.M. Sept. 15, 2010) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65 (1989).

Because ERB is a state agency that is entitled to Eleventh Amendment immunity from Section 1983 claims, the Fourteenth Amendment Equal Protection and Due Process claims contained in Counts VIII of Plaintiff's Complaint should be dismissed.

Plaintiff's claims for alleged violations under the New Mexico Constitution in Count IX of her Complaint likewise fail. Specifically, Plaintiff makes the cursory allegation that she was

deprived of due process under the New Mexico Constitution because the ERB failed "to permit her to be paid equal pay as received by men for Plaintiff's equal work, notwithstanding the [ERB's] attempt to equalize her pay" and violated her equal protection rights by failing "to provide her with compensation equal to her male counterpart, Steve Moise" and discriminated against her based on her age and gender.  Complaint at ¶ 84.  Plaintiff seeks monetary damages for these alleged violations.  *Id.* at ¶ 85.

New Mexico courts "have consistently declined to permit individuals to bring private lawsuits to enforce rights guaranteed by the New Mexico Constitution, based on the absence of an express waiver of immunity under the Tort Claims Act." *Barreras v. State of New Mexico Corr. Dep't,* 2003-NMCA-027, ¶ 24, 133 N.M. 313, 319, 62 P.3d 770, 776; *see also* Linda M. Vanzi et. al., *State Constitutional Litigation in New Mexico: All Shield and No Sword*, 48 N.M. L. Rev. 302, 306 (2018) (explaining that "[i]n New Mexico, the only currently available mechanisms for enforcing a state constitutional right are provided by the New Mexico Rules of Civil Procedure" under a claim for "injunctive relief" or "declaratory judgment" which may provide "non-monetary relief for a violation of a right protected by the state constitution[.]"). Because the ERB is a governmental agency, "Plaintiff may not seek damages… for violation of state constitutional rights unless immunity is waived under the Tort Claims Act[.]" *Chavez v. City of Albuquerque,* 1998-NMCA-004, ¶ 11, 124 N.M. 479, 482, 952 P.2d 474, 477.  Plaintiff's Complaint does not allege how she can sustain her cause of action against ERB, and Count IX of her Complaint must be dismissed.

### E. Retaliation Claims – Count X (Violation of Whistleblower Protection Act) and Counts III, V, VI and VII (Retaliation under Title VII, the ADEA, and the New Mexico Human Rights Act)

Plaintiff has not alleged sufficient facts to support a claim of retaliation under any of these statutes because she fails to allege that she engaged in any protected activity. Rather, Plaintiff attempts to attribute ERB's attempts to secure a raise for her and others as the basis of her own whistleblower complaint. This allegation fails to give rise to a cognizable claim of retaliation.

Under the WPA, "[a] public employer shall not take any retaliatory action against a public employee because *the public employee*… communicates to the public employer or a third party information about an action or a failure to act that *the public employee* believes in good faith constitutes an unlawful or improper act[.]" NMSA 1978 § 10-16C-3 (2010) (emphasis added). Therefore, "in order to state a legally viable claim under the WPA, [a] Plaintiff [is] required to allege that because Plaintiff communicated with Defendants or a third party about Defendants' abuse of authority, Defendants retaliated against [the plaintiff]." *Wills v. Bd. of Regents of Univ. of N.M.*, 2015–NMCA–105, ¶ 14, 357 P.3d 453, 456.

Both the plain language of the statute and the case law interpreting it reflect that the WPA is only available to the specific person who acts as a whistleblower. The statute's use of the words "*the* public employee" indicates that the WPA only applies to the individual who affirmatively makes a protected communication. Rather than alleging that Plaintiff made any communications which would constitute whistleblowing, she admits that she is relying on communications made "via one or more state employee(s)" other than herself. Complaint at ¶ 88. In fact, she is trying to rely on ERB's own advocacy (a party that she elsewhere in the Complaint claims is retaliating against her!) as *her* protected activity. Plaintiff wrongfully

asserts that communications made by other individuals can satisfy the requirement that she made a protected communication element necessary for the statute.  The WPA does not recognize a cause of action whereby Plaintiff can pursue a claim premised on complaints made by others.

Regarding Plaintiff's claims of retaliation under Title VII and the New Mexico Human Rights Act, Plaintiff's Complaint is devoid of any allegations that she engaged in protected activity as recognized by those causes of action.  To state a *prima facie* case of retaliation under Title VII, the ADEA3, or the NMHRA based on race, gender or age, a plaintiff must plead: (1) that plaintiff engaged in protected activity; (2) that plaintiff was subjected to an adverse employment action; and (3) a causal connection between the protected activity and the adverse employment action.  *See Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1220 (10th Cir. 2013) (setting out *prima facie* case of retaliation under Title VII); *Gonzales v. N.M. Dep't of Health*, 2000-NMSC-029, ¶ 22, 11 P.3d 550 (setting out *prima facie* case of retaliation under NMHRA).

"The first prerequisite of any retaliation claim is the…*employee's* protected opposition to unlawful discrimination, prompting the employer's retaliatory conduct."  *Curry v. Mazzio's Corp.*, 72 Fed. Appx. 759, 762 (10th Cir. 2003) (emphasis in original).  Plaintiff fails to make any allegations of protected opposition to either gender or age discrimination.  In fact, Plaintiff's own allegations are that on "December 8, 2017, and on May 3, 2018, the NMERB again voted to increase Plaintiff's salary to almost correct the disparity (this vote was a protected complaint of discrimination (hereinafter 'protected complaint') made on behalf of Plaintiff)[.]"  Complaint at ¶ 34(B).  Then, on "May 24, 2018, the NMERB once again voted to increase Plaintiff's salary to almost correct the disparity and notified DFA to implement this increase (another protected

---

3 It does not appear from Plaintiff's Complaint that she has alleged retaliation in violation of the ADEA as she has with these other statutory causes of action.   However, to the extent that her Complaint may be read as alleging such a claim, the same analysis presented herein would bar such a claim.

complaint)." Complaint at ¶ 34(C).  Plaintiff alleges several other "protected complaints" –
which were votes by the Educational Retirement Board to increase Plaintiff's and other
employee's salaries, (Complaint at ¶ 34(D) and (F)) and the Educational Retirement Board's
declaratory judgment lawsuit against DFA (Complaint at ¶ 34(G) ("The NMERB Complaint
does not address the civil rights issues herein…but it nevertheless constitutes a tacit protected
complaint of gender and age discrimination made on behalf of Plaintiff….")).

Here, there are no allegations that Plaintiff herself "lodged complaints concerning
activities prohibited by Title VII or the NMHRA" at any time.  *Cash v. Lockheed Martin Corp.*,
No. CIV 15-506 JAP/LF, 2016 WL 8919403, at *11 (D.N.M. Jul. 1, 2016) (finding that plaintiff
could not satisfy a *prima facie* case of Title VII retaliation because he failed to identify protected
activity under Title VII); *Hankishiyev v. ARUP Laboratories*, 732 Fed. Appx. 673, 676 (10th Cir.
2018) ("Although no magic words are required, to qualify as protected opposition the employee
must convey to the employer his or her concern that the employer has engaged in a practice
made unlawful by the ADEA."); *see also Ocana v. Am. Furniture Co.*, 2004-NMSC-018, ¶ 35,
91 P.3d 58 (affirming summary judgment on plaintiff's NMHRA retaliation claim because
plaintiff failed to establish that defendant was on notice of her opposition to unlawful
discrimination).

Because Plaintiff does not allege that she engaged in protected opposition to
discrimination, her ADEA, Title VII, and NMHRA retaliation claims (contained in Counts III, V,
VI) must be dismissed.

### F.      Count XI (Breach of Employment Contract Under State Law)

Plaintiff claims that ERB breached the implied covenant of good faith and fair dealing
which was part of her employment contract.   Plaintiff, however, did not have any type of

contract with ERB, as she was an exempt at-will employee who served at the pleasure of the Board. *See* 2.82.1.13 NMAC

The New Mexico courts have endorsed the principle that employment without a definite term is presumed to be at will. *See, e.g., Trujillo v. N. Rio Arriba Elec. Co-op, Inc.*, 2002-NMSC-004, ¶ 22, 131 N.M. 607, 615, 41 P.3d 333, 341.  At will employment means that either an employer or employee can terminate the employment relationship for any reason or no reason and at any time.  *Id.*  Absent specific contractual arrangements to the contrary, public employees are employed at will.  *Bunger v. Univ. of Okla. Bd. of Regents*, 95 F.3d 987, 990 (10th Cir.1996)).  Here, Plaintiff fails to allege any facts or any contractual language to show that she was not an at will employee.

In New Mexico, a cause of action for a breach of an implied covenant of good faith and fair dealing only applies to employment contracts which are <u>not</u> at-will.  *Bourgeous v. Horizon Healthcare Corp.,* 1994-NMSC-038, ¶ 16, 117 N.M. 434, 439, 872 P.2d 852, 857.  An employee cannot invoke the implied covenant of good faith and fair dealing to vary an at-will employment arrangement.

In addition, the lack of merit of this claim is further validated by NMSA 1978 § 37–1–23(A), which states: "Governmental entities are granted immunity from actions based on contract, except actions based on a valid written contract."  Because Plaintiff has not identified any valid written contract, this claim must fail as a matter of law.

### G. Count XII (Intentional Interference with Contract) Count XIII (Intentional Infliction of Emotional Distress) and Count XV (Civil Conspiracy)

Plaintiff claims that ERB breached a duty allegedly owed to her under a theory of intentional interference with employment contract and a separate count of intentional infliction

of emotional distress.  She also pleads a claim for civil conspiracy based on "tortious misconduct."  *See* Complaint at ¶ 108.  As a matter of law, Plaintiff did not have a contract with ERB and these claims are torts for which immunity is not waived under the New Mexico Tort Claims Act.

The New Mexico Tort Claims Act ("TCA") provides immunity to governmental entities and public employees acting within the scope of duty except as that immunity is expressly waived by the TCA.  *See* NMSA 1978 § 41-4-4(A)).  In Counts XII, XIII, and XV,[4] Plaintiff seeks to assert claims for intentional interference with employment contract, intentional infliction of emotional distress, negligent/reckless/intentional breach of fiduciary duty/promissory estoppel, and civil conspiracy.  Even if Plaintiff had pled sufficient allegations to suggest that she had a factual basis for these claims, which ERB denies, these are all claims to which ERB is immune from suit.

Where the liability sought to be imposed against a state entity arises out of claims that the state is immunized against in the TCA, these claims are outside the Court's subject matter jurisdiction and must be dismissed.  *See Valdez v. State*, 2002-NMSC-028, ¶ 9, 132 N.M. 667 (affirming dismissal of economic compulsion and constructive fraud claims against the secretary of the Department of Corrections because the TCA does not waive immunity for these torts); *Vigil v. State Auditor's Office*, 2005-NMCA-096, ¶¶ 15, 25, 138 N.M. 63 (affirming dismissal of plaintiff's defamation, intentional infliction of emotional distress and *prima facie* tort claims against the State Auditor's Office and the State Auditor because the TCA did not waive immunity for these intentional torts.); *Seeds v. Lucero*, 2005-NMCA-067, ¶ 1, 137 N.M. 589

---

4 Plaintiff asserts Count XIV (breach of fiduciary duty and promissory estoppel) only against the individual ERB defendants, who have been dismissed, so this claim is moot as it applied to ERB.

(holding that City of Espanola immune from civil conspiracy claims under the TCA).  Thus, as

no such claims may lie against ERB, these Counts should be dismissed.

### V.    <u>CONCLUSION</u>

Having shown that none of Plaintiffs' claims against ERB states a claim for which relief

can be granted against it as a matter of law, ERB requests that it be dismissed from this lawsuit.

Respectfully submitted,

MILLER STRATVERT P.A.

By:    */s/ Luke A. Salganek*
      Luke A. Salganek
      Paula G. Maynes
      P.O. Box 1986
      Santa Fe, New Mexico 87504
      Telephone: (505) 989-9614
      Facsimile:  (505) 989-9857
      lsalganek@mstlaw.com
      pmaynes@mstlaw.com
      *Attorneys for Defendants*

I HEREBY CERTIFY that on the 30th day
of September, 2021, I filed the foregoing
pleading through the CM/ECF system, which
caused all parties or counsel to be
served by electronic means, as more fully
reflected on the Notice of Electronic Filing

Merit Bennett, Esq.
The Bennett Law Group, LLC
460 St. Michael's Drive, Suite 703
Santa Fe, New Mexico 87505
Ph: 505-983-9834 | Fax: 505-983-9836
Email: mb@thebennettlawgroup.com
*Attorney for Plaintiff Jan H.C. Goodwin*

Jaclyn M. McLean,
Hinkle Shanor LLP
218 Montezuma
Santa Fe, New Mexico 87501
Ph: (505) 982-4554 | Fax: (505) 982-8623
Email: jmclean@hinklelawfirm.com
*Attorney for Governor Lujan Grisham, The
State of New Mexico, The Office of the
Governor, DFA, Romero, RMD, Tyndall*

 */s/ Luke A. Salganek*
Luke A. Salganek