IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAN H.C. GOODWIN,

   Plaintiff,

v.                                                                          No. 1:21-cv-00483-JHR-KK

MICHELLE LUJAN GRISHAM, et al.,

   Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING PLAINTIFF'S MOTION FOR LEAVE
## TO FILE A SECOND AMENDED COMPLAINT [Doc. 36] IN PART

THIS MATTER comes before the Court on Plaintiff Jan H. C. Goodwin's Motion for Leave to File a Second Amended Complaint and to Stay Existing Motions to Dismiss' Response/Reply Deadlines [Doc. 36], filed November 23, 2021. Pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73(b), the parties have consented to the undersigned Magistrate Judge to conduct dispositive proceedings in this matter, including entering final judgment. [Doc. 26]. Having thoroughly reviewed the parties' submissions and the relevant law, the Court grants the Motion in part.

**I.    BACKGROUND[1]**

Goodwin was the New Mexico Educational Retirement Board's ("ERB") Executive Director from March 2008 to March 20, 2021.[2] [Doc. 8, pp. 9, 25]. In 2008, she was paid annually $13,000 less than Terry Slattery, then the New Mexico Public Employees Retirement

---

[1] The background facts are taken from Goodwin's original complaint, which the Court assumes are true for the purposes of this Motion. *See Tenorio v. San Miguel Cty. Det. Ctr.*, 1:15-cv-00349-LF-WPL, 2016 WL 9819588, at *1 (D.N.M. Aug. 11, 2016).

[2] Goodwin alleges she was constructively terminated on May 28, 2021 (the last day on the payroll). [Doc. 8, p. 25].

1

Association's Executive Director. [*Id.*, p. 9]. She says their jobs "required equal skill, effort and responsibility and were both performed under similar working conditions. There were no differences between those two job positions because of a seniority system." [*Id.*]. Goodwin's pay increased to Slattery's level in August 2009. [*Id.*, p. 10]. Because back pay was never addressed, Goodwin seeks relief starting from 2008. [*Id.*]. In April 2010, Steven Moise was hired as the New Mexico State Investment Council's Senior Investment Officer at $100,000 annually more than Goodwin. [*Id.*]. Goodwin alleges that "[t]hese two jobs require equal skill, effort and responsibility and were both performed under similar working conditions. There were no differences between these two job positions because of a seniority system." [*Id.*]. She further says that Moise was not qualified for his job, she was more qualified, and she consistently produced better results. [*Id.*, pp. 11-12]. ERB attempted to increase Goodwin's pay several times but the increases were never implemented by the New Mexico Department of Finance and Administration ("DFA"). [*Id.*, pp. 14-15]. ERB filed a lawsuit against DFA for declaratory relief on February 22, 2021. [Doc. 36, p. 1; *see* Doc. 8, pp. 17-19]. On October 19, 2021, the state trial court held that the ERB "has the sole and exclusive authority to set salaries and make personnel decisions related to [ERB's] administration of its funds." [Doc. 36, p. 2; Doc. 40, p. 2]. DFA's appeal is currently pending in the New Mexico Court of Appeals. [Doc. 40, pp. 2-3].

Goodwin filed her federal complaint on May 27, 2021 [Doc. 1], and her first amended complaint on July 13, 2021, raising fifteen causes of action. [Doc. 8]. The crux of the complaint is that she was underpaid compared to Slattery and Moise because of her gender and age. [*See* Doc. 8, p. 13; *see generally* Doc. 8, pp. 26-46]. Defendants are ERB, a group of former and current members of the Board of Trustees of ERB ("named ERB Defendants"), and other New Mexico

government agencies and officials ("State Defendants"). [*Id.*, pp. 2-13]. On August 8, 2021, the parties jointly dismissed the named ERB Defendants without prejudice. [Doc. 15].

The State Defendants filed a partial motion for judgment on September 24, 2021 [Doc. 17], and ERB filed a motion to dismiss on September 30, 2021 [Doc. 18]. Goodwin then filed this motion for leave to file a second amended complaint on November 23, 2021. [Doc. 36]. She wants to add the named ERB Defendants back into the complaint and to add another comparator, Bob Jacksha, to support her case. [Doc. 36, pp. 2-3; *see* Doc. 54, p. 2]. ERB and the State Defendants responded on December 7 and December 20, 2021 [Docs. 40, 46], and Goodwin replied to them on December 21, 2021, and January 17, 2022. [Docs. 47, 54]. A notice of completion of briefing was filed on January 17, 2022. [Doc. 55].

II. **ANALYSIS**

a. **Amendment of Pleadings**

Rule 15 of the Federal Rules of Civil Procedure governs amendment of pleadings and provides that, when not allowed to amend as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." F. R. Civ. P. 15(a)(2). Courts have broad discretion to grant leave to amend and Rule 15(a)(2)'s purpose "is to provide litigants the maximum opportunity for each claim to be decided on its merits." *Minter v. Prime Equip.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal citation omitted). Accordingly, leave to amend should be granted where the amendment will yield a meritorious claim. *See Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001). "In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed,

undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.[,]" leave should be granted. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

ERB argues this Motion should be denied for five reasons: (1) ERB's lawsuit against DFA is not final and is currently on appeal, (2) Goodwin is attempting to add factual support so she can survive ERB's motion to dismiss, (3) Goodwin is not relying on any newly discovered evidence, (4) the amended petition does not contain short and concise statements as required by Rule 8, and (5) the proposed amendment is futile. [*See* Doc. 40]. The State Defendants argue that the Motion should be denied because it is futile. [Doc. 46].

Because courts should freely give leave when justice so requires, and the purpose of Rule 15 is to provide litigants the maximum opportunity for each claim to be decided on its merits, the Court will evaluate Defendants' arguments out of order and in the context of the *Foman* reasons. *see e.g. Tenorio v. San Miguel Cty. Det. Ctr.*, 1:15-cv-00349-LF-WPL, 2016 WL 9819588, at *3-6 (D.N.M. Aug. 11, 2016); *Gallegos v. Bernalillo Cty. Bd. of Cty. Comm'rs*, No. CIV 16-0127 JB/JHR, 2018 WL 3210531, at *24-25 (D.N.M. June 29, 2018).

### i. Undue Delay

Rule 15 does not restrict a party's ability to amend to a specific time, but the longer the delay, the more likely it becomes undue. *Minter*, 451 F.3d at 1205. The Tenth Circuit focuses primarily on the reasons for the delay, and a court will properly deny a motion to amend when the plaintiff appears to be using Rule 15 to make the complaint a moving target, salvage a lost cause, present theories seriatim, or knowingly delay raising an issue until the eve of trial. *Id.* at 1206. Denial of leave to amend may also be proper where the movant knew or should have known the facts upon which the proposed amendment is based but failed to include them in the original

complaint. *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1366 (10th Cir. 1993) (citing *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990)).

ERB employed Goodwin and tried to increase her pay but failed because the increases were never implemented by DFA. [Doc. 8, pp. 14-15]. ERB filed a lawsuit against DFA and obtained a declaratory judgment that ERB "has the sole and exclusive authority to set salaries and make personnel decisions related to [ERB's] administration of its funds." [Doc. 36, p. 2; Doc. 40, p. 2].

For the proposed new complaint, Goodwin wants to add the named ERB Defendants back into the complaint and to add another comparator, Bob Jacksha, to support her case. [Doc. 36, pp. 2-3; *see* Doc. 54, p. 2]. ERB argues that the Motion should be denied because Goodwin knew all the facts upon which the proposed amendment is based but failed to include them. [Doc. 40, pp. 2-3, 4-5]. ERB wants the Court to ignore the state trial court decision in the context of new facts because "[the state court case] is on appeal and thus unresolved." [*Id.*, p. 4].[3]

Goodwin initiated this action on May 27, 2021, and filed this Motion on November 23, 2021. [*See* Docs. 1, 36]. To date, there is no Rule 16 scheduling order, no discovery plan, and the Court has not set a deadline to amend. The named ERB Defendants were dismissed without prejudice on August 8, 2021 [Doc. 15], and the state trial court issued its declaratory judgment on October 19, 2021. [*See* Doc. 36, p. 2; Doc. 40, p. 2]. The state court's holding that ERB has the sole authority to set salaries may impact whom Goodwin wants to sue. Because federal policy favors amendment and maximum opportunity for each claim to be decided on its merits, the case

---

[3] Without providing any legal authority, ERB also argues that Goodwin's failure to mention that the state court case is on appeal "alone makes her request to amend for the basis state[d], unjustified and unreasonable." [Doc. 40, pp. 2-3]. The Court rejects this ground for failure to cite to any legal authority. D.N.M.LR-Civ. 7.3(a). To the extent ERB argues bad faith, it fails because a relevant decision in the state trial court can be an adequate reason for allowing some delay, and failure to mention that it is on appeal does not by itself indicate bad faith.

is still in its early development, and the delay in the context of the state ruling is relatively short, the state trial court decision is an adequate justification for some delay.[4]

### ii. Bad Faith

ERB asks the Court to deny the Motion because Defendants have pending dispositive motions and "ERB has already incurred significant time and expense in responding to the First Amended Complaint." [Doc. 40, p. 3].

Filing a motion to amend while defendants have pending dispositive motions does not by itself indicate bad faith. *See Tenorio*, 2016 WL 9819588, at *4 (The court found no bad faith when the plaintiff filed a motion to amend while defendants had dispositive motions pending). Bad faith must be apparent from the evidence and can include a showing of ulterior purpose, *e.g.*, harassment or delay. *Id.* (citing *Steinert v. The Winn Grp., Inc.*, 190 F.R.D. 680, 684-85 (D. Kan. 2000); *Ford v. Temple Hosp.*, 790 F.2d 342, 347 (3d Cir. 1986)).

Defendants only allege bad faith based on the timing of the Motion relative to pending dispositive motions and do not show other evidence of bad faith. Timing alone does not establish bad faith, and the filing of this Motion about a month after the state trial court decision does not appear unreasonable.

### iii. Failure to Cure

As the Court did not issue any previous order to cure, there is no issue regarding repeated failure to cure deficiencies by amendments previously allowed.

---

[4] The Court is concerned that Goodwin's Jacksha comparator addition may create a moving target for the Defendants and was not based on new evidence. However, undue delay is a timing issue, and it is not obvious that adding Jacksha as a comparator will cause any more delay than reinstating the ERB Defendants.

### iv. Undue Prejudice

Courts will find undue prejudice only when an amendment unfairly affects an opponent's ability to prepare a response to the amendment. *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (citing *Minter*, 451 F.3d at 1208). This most often occurs when the amended claims arise out of subject matter different from the previous complaint and raise significant new factual issues. *Minter*, 451 F.3d at 1208. On the other hand, "the expenditure of time, money and effort alone is not grounds for a finding of prejudice." *Bylin*, 568 F.3d at 1229 (internal citation omitted).

For the proposed new complaint, Goodwin wants to add the named ERB Defendants back into the complaint and to add another comparator, Bob Jacksha, to support her case. [Doc. 36, pp. 2-3; *see* Doc. 54, p. 2]. The amended claims arise out of the same subject matter, *i.e.*, unequal pay. The Defendants have not shown that their ability to respond would be affected. ERB only argues that it will need to spend more time, money and effort to file replies and new dispositive motions. [*See* Doc. 40, p. 3]. The expenditure of time, money and effort alone is not grounds for a finding of prejudice. Without evidence of harm to the ability to respond to the amendment, the Court does not find undue prejudice.

### v. Futility

Futility of a proposed amendment is an exception to the general rule that leave to amend should be freely given. *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013). A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason, including that the amendment would not survive a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Watson v. Beckel*, 242 F.3d 1237, 1239-40 (10th Cir. 2001); *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999). Both ERB and the State Defendants argue that the proposed amendment is futile. [*See* Docs. 40, 46].

For efficiency reasons, the court may allow amendments and then address grounds for dismissal through new Rule 12 motions instead of addressing them indirectly under Rule 15(a). *See Tenorio*, 2016 WL 9818588, at *6; *General Steel Domestic Sales, LLC v. Steelwise, LLC*, Civil Action No. 07-cv-01145-DME-KMT, 2008 WL 2520423, *4 (D. Colo. June 20, 2008) ("Rather than force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, the defendants may be better served by waiting to assert Rule 12 motions until the operative complaint is in place.").

ERB does not address why the entire proposed amended complaint is futile in one document but attacks particular amendments piecemeal. [Doc. 40, p. 8]. Goodwin previously conceded several claims[5], but the proposed amended complaint appears to resurrect some if not all of them.[6] Courts have inherent authority to, among other things, regulate their docket and promote judicial efficiency. *Martinez v. IRS*, 744 F.2d 71, 73 (10th Cir. 1984). For efficiency reasons, instead of addressing grounds for dismissal indirectly under Rule 15(a), the Court will allow amendment but require Goodwin to file a revised amended complaint that clarifies her claims. In keeping with the direction given below to revise the proposed amended complaint to comply with Rule 8, Goodwin also must assure that her proposed amendment clarifies which Defendants are accused of which claims.

---

[5] *See e.g., Plaintiff's Response in Opposition to State Defendants' Partial Motion for Judgment on the Pleadings*, Doc. 33, p. 20 ("Plaintiff concedes her 1983 claims as they relate to the State of New Mexico, DFA and RMD and as they relate to Governor Lujan Grisham, Secretary Romero and Director Tyndall in their official capacities."); *Id.*, p. 26 ("Plaintiff concedes dismissal of Count XII (Intentional Interference with Employment Contract), Count XIII (Intentional Infliction of Emotion Distress), Count IV (Breaches of Duty/Estoppel) and Count XV (Civil Conspiracy), except as these counts apply to the individual Defendants acting in their individual capacities (Count XV shall stand against the Section 1983 Defendants).").

[6] For example, it is unclear who the alleged Defendants are and whether Goodwin conceded any portions of Count XIII (Intentional Infliction of Emotion Distress) when she says "[b]y and through the acts and/or omissions described above, one, more and/or all of these Defendant(s), individually or in conspiracy with one or more of each other, intended to and did, in fact, inflict upon Plaintiff severe and extreme emotional distress." [*See* Doc. 37-1, p. 48; *cf.* Doc. 33, p. 26].

8

**b. Rule 8**

The Court last addresses ERB's argument that the amended petition does not contain short and concise statements as required by Rule 8. [*See* Doc. 40, pp. 5-8].

Rule 8 requires that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief" and "[e]ach allegation must be simple, concise, and direct." F. R. Civ. P. 8(a)(2), (d)(1). This rule is designed to force the plaintiffs to state their claims intelligibly; prolixity undermines this purpose. *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007); *see Knox v. First Sec. Bank of Utah*, 196 F.2d 112, 117 (10th Cir. 1952). Unnecessary length and burying of material allegations in a morass of irrelevancies violate Rule 8 and may warrant dismissal. *Baker v. City of Loveland*, 686 F. App'x 619, 620 (10th Cir. 2017) (citing *Mann*, 477 F.3d at 1148).

Goodwin's proposed amendment contains irrelevant information.[7] It also raises fifteen causes of action against more than a dozen named defendants[8] and, for each claim, highlights minimal individualized facts and arguments but states generally "Plaintiff incorporates and re-alleges in this Count all of the allegations made throughout this Complaint as if fully set forth herein." [*See generally* Doc. 37-1]. It is unclear which "allegations made throughout this Complaint" are material to the relevant causes of action. As noted above, it is also unclear who the alleged Defendants are for each claim and in what capacity. "The necessity for complexity . . . does not give litigants license to plead by means of obfuscation." *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990); *see also Harrell v. Directors of Bureau of Narcotics & Dangerous Drugs*, 70 F.R.D. 444, 446 (E.D. Tenn. 1975) (A complaint violates Rule 8(a) and is subject to dismissal

---

[7] *See e.g.* Doc. 37-1, p. 6; "Ms. Goodwin was born in Albany, New York".

[8] Some individually, some in official capacity, and some both. [*See* Doc. 37-1].

when it "is so verbose that the Court cannot identify with clarity the claim(s) of the pleader and adjudicate such claim(s) understandingly on the merits.").

The unfiled proposed amendment does not comply with the standards of Rule 8 and must be revised to comply prior to filing.

### III.    CONCLUSION AND ORDER

Because federal policy favors amendment and maximum opportunity for each claim to be decided on its merits; the Court hereby:

(1) grants Goodwin's motion for leave to file a second amended complaint [Doc. 36] IN PART; and

(2) orders Goodwin to redraft the proposed complaint to clarify her claims and satisfy Rule 8 but, upon so doing, the second amended complaint may be filed within twenty-one (21) days of the entry of this Order;

(3) conditionally and without prejudice denies the State Defendants' motion for judgment [Doc. 17], ERB's motion to dismiss [Doc. 18], Goodwin's motion for leave to file excess pages [Doc. 41], and ERB's motion to strike [Doc. 42] as MOOT because these motions are ultimately directed at the first amended complaint [Doc. 8] that will no longer be operative upon Goodwin's filing of the second amended complaint, *see Tenorio*, 2016 WL 9818588, at *6 ("The Court consequently will deny the remaining defendants' motions to dismiss as moot" because it granted the motion for leave to file an amendment); and

(4) requests additional briefing on Defendants' Opposed Motion for Sanctions under Federal Rule of Civil Procedure 11 [Doc. 52] because it is based on pleadings that will no longer be operative in the future and based on substantive arguments that Goodwin may clarify in her

second amended complaint. Additional Briefings are due within seven (7) days after receipt of Goodwin's second amended complaint.

**SO ORDERED.**

_____
JERRY H. RITTER
U.S. MAGISTRATE JUDGE
*Presiding by Consent*