## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JAN H. C. GOODWIN,

      Plaintiff,

v.                                          No. 1:21-cv-00483-JHR-KK

MICHELLE LUJAN GRISHAM, *individually and as Governor of the State of New Mexico;* STATE OF NEW MEXICO; STATE OF NEW MEXICO OFFICE OF THE GOVERNOR; STATE OF NEW MEXICO DEPARTMENT OF FINANCE AND ADMINISTRATION ("*DFA*"); DEBORAH K. ROMERO, *individually and as Cabinet Secretary of DFA;* STATE OF NEW MEXICO RISK MANAGEMENT DIVISION ("*RMD*"); MARK TYNDALL, *individually and as Director of RMD;* STATE OF NEW MEXICO EDUCATIONAL RETIREMENT BOARD ("*ERB*"); RUSSELL GOFF, LARRY MAGID, MARY LOU CAMERON, DONALD DUSZYNSKI, RYAN STEWART, ADAN DELGADO, TIM EICHENBERG, and STEPHANIE M. RODRIGUEZ, *individually and as Trustees of the ERB;* STEVEN GLUCKSTERN, *individually and as former Trustee of the ERB;* and UNIDENTIFIED INDIVIDUALS,

      Defendants.

## MEMORANDUM OPINION AND ORDER ON DEFENDANTS' MOTION FOR SANCTIONS

**THIS MATTER** is before the Court on Defendants' Renewed Motion for Sanctions under Federal Rules of Civil Procedure 11 Against Merit Bennett and Plaintiff Goodwin, Jointly ("Motion for Sanctions"). [Doc. 75]. Having considered the briefing and relevant law, the Court grants in part and denies in part the Motion for Sanctions. Defendants Governor Michelle Lujan Grisham and the Office of the Governor, the State of New Mexico, Deborah K. Romero and the Department of Finance and Administration, Mark Tyndall and the New Mexico Risk

1

Management Division, and the General Services Department (collectively "State Defendants") are invited to submit an application for attorneys' fees with briefing and evidence specifying the amount in attorneys' fees which they believe will be an appropriate sanction based on the discussion below.  Goodwin's attorney will have the opportunity to respond and State Defendants the opportunity to reply in turn.

## I.   <u>INTRODUCTION</u>

Pleadings in federal court must be short, plain, and direct.  Lawyers and litigants who file them must perform a bare minimum of due diligence to ensure that the claims in their pleadings are supported by the law or non-frivolous arguments to change the law.  Parties violate these rules when they file pleadings which are unjustifiably long, hard to follow, or contain claims for which the filer has no non-frivolous argument in support.  Not every violation of these rules calls for sanctions, but to deter future violations, they are occasionally appropriate.

This is one of the occasions where sanctions are appropriate, at least in part.  Plaintiff's attorney filed pleadings which were long, overwrought, and confusing, but intelligible, so the Court merely admonishes counsel for that violation.  However, many of the claims made in Plaintiff's pleadings were obviously frivolous under current law and counsel's arguments in their favor ranged from unreasonable to making no argument at all.  These latter violations warrant sanctions, and the Court will authorize an award of attorneys' fees to deter future frivolous claims and arguments.

## II.   <u>BACKGROUND AND PROCEDURAL HISTORY</u>

The Court's order granting dismissal provides a detailed background of the underlying case, so this order will focus solely on facts related to the sanctions motion.  Plaintiff Jan Goodwin, represented by her attorney, Merit Bennett, sued Defendants in May 2021.  *See*

[Doc. 1].  The Original Complaint alleged fifteen counts, including statutory discrimination claims, state and federal constitutional claims, a contract claim, a statutory whistleblower claim, and several tort claims.  *Id.* at 26–46.  In July that year, Goodwin filed a nearly identical First Amended Complaint, alleging the same fifteen counts.  *See* [Doc. 8].  State Defendants moved for partial judgment on the pleadings and argued that they were immune to Goodwin's § 1983 claims and her tort claims.  [Doc. 17, pp. 13, 21–22].  Goodwin conceded that the State Defendants were immune to those claims, at least in part, in her response.  [Doc. 33, pp. 20, 26].  In November 2021, Goodwin requested leave to amend her complaint again, this time in light of a state court declaratory judgment which she believed might undermine her discrimination claims; Defendants opposed amendment.  *See generally* [Doc. 36]; [Doc. 40].

In January 2022, while the motion to dismiss and the motion for leave were pending, State Defendants moved for sanctions jointly against Goodwin and Bennett.  [Doc. 53].  They argued, in essence, that several of Goodwin's claims were so meritless or so obviously defeated by immunity that they were frivolous and thus sanctionable.  *Id.* at 4–6.  Defendants attached exhibits to the motion showing that they contacted Bennett and asked him to voluntarily dismiss the claims, but Bennett refused.  [Docs. 53-A–D].  In July 2022, the Court granted Goodwin leave to amend her complaint, warning that changes were needed for the proposed Second Amended Complaint to satisfy Federal Rule of Civil Procedure 8.  [Doc. 67, pp. 9–10].  The Court then denied the motions to dismiss and motion for sanctions as moot.  *Id.* at 10.

Goodwin filed her Second Amended Complaint in August 2022, alleging the same fifteen counts as her last two complaints and adding a sixteenth count asking for declaratory judgment on certain issues in the case.  [Doc. 70, pp. 27–50].  The Second Amended Complaint revived claims she previously conceded without noticeably different formulation to justify their

resurrection.  *See id.*  When State Defendants again moved to dismiss Goodwin's claims, she did

not concede dismissal of any of them.  *See generally* [Doc. 78].  Her defense of Counts XII

through XV said only that she "does not concede [their] dismissal . . . as all these counts are

clearly justified by the facts as pled."  *Id.* at 23.  Goodwin supplied no facts nor legal arguments

in justification.  *Id.*

State Defendants moved again for sanctions in August 2022, rearguing many of the

points that appeared in their original motion for sanctions.  [Doc. 75].  They again supplied

exhibits showing that Bennett was asked to voluntarily withdraw the claims State Defendants

believed were groundless and that Bennett refused.  *Id.* at 12–22.  Goodwin timely responded to

the new sanctions motion and State Defendants timely replied, completing briefing.  *See*

[Docs. 79, 81, 83].

## III.   **PARTIES' ARGUMENTS**

State Defendants present two reasons Goodwin and Bennett should be sanctioned.  First,

Goodwin's Second Amended Complaint violates Federal Rule of Civil Procedure 8(a) because it

is neither a "short and plain statement of the claims showing the pleader is entitled to relief," nor

is it "simple, concise, and direct."  [Doc. 75, p. 5] (quoting Fed. R. Civ. P. 8(a), (d)(1)).  Second

(yet primarily), Goodwin's claims, other than those under the federal Equal Pay Act and the New

Mexico Fair Pay for Women Act, are so obviously meritless or subject to well-established

immunities that a reasonable attorney and client would have voluntarily dismissed them upon

request by opposing counsel.  [Doc. 75, pp. 5–8].

Goodwin and Bennett argue that the first point is wrong:  the relevant issue on the Rule 8

argument is whether the Second Amended Complaint addressed the specific problems pointed

out by the Court in its order granting leave to amend, and the Second Amended Complaint did

this.  [Doc. 79, pp. 3–4].  Goodwin and Bennett make no argument in defense of claims previously conceded.  *See generally id.*  Instead, they characterize Defendants' arguments for sanctions as "patently frivolous and without any substance or merit," and ask that Defendants be sanctioned  *Id.* at 4.

## IV.   ISSUES PRESENTED

(1) Did Plaintiffs' Second Amended Complaint violate Federal Rule of Civil Procedure 8(a); and, if it did, are sanctions warranted?

(2) Did Plaintiff or her counsel violate Federal Rule of Civil Procedure 11 by presenting frivolous arguments; and, if they did, are sanctions warranted?

## V.   ANALYSIS

### a.   *Violations of Rule 8*

#### i.   Relevant Law

When a plaintiff sues in federal court, her complaint must contain "a short and plain statement of [her] claim showing that [she] is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).  In general, "[e]ach allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  Violating Rule 8 is sometimes sanctionable.  *See McNamara v. Brauchler*, 570 F. App'x 741, 743–44 (10th Cir. 2014) (per curiam) (unpublished) (affirming dismissal as a sanction for noncompliance with Rule 8 and violating court orders).  Generally, courts in the Tenth Circuit sanction plaintiffs for violating Rule 8, not when complaints are merely overlong and hard to parse, but when they are unintelligible, almost wholly conclusory, and give defendants no notice of the actions prompting suit.  *See McNamara*, 570 F. App'x at 742 (describing plaintiff's complaints, which included "an alleged conspiracy among Colorado judges" and failed "to articulate precisely [plaintiff's] claims or identify the actions or inactions of each defendant");

5

*Triplett v. U.S. Dept. of Defense*, 441 F. App'x 618, 619 (10th Cir. 2011) (unpublished) (affirming district court's dismissal of litigant's case when, after being given leave to amend his complaint, court found the new complaint and accompanying briefing "unintelligible"); *Fawley v. Lucero*, 20-cv-01342-MIS-KRS, 2022 WL 2315894 at *1 (D.N.M. June 28, 2022) (dismissing plaintiff's case for failure to comply with Rule 8 because, after amending the complaint, "the Court still cannot discern the exact claims Plaintiff seeks to assert").

ii.  <u>Application</u>

Although Goodwin's complaints violate Rule 8, the Court finds that sanctions are not warranted.  Many of her allegations are verbose and conclusory, deriving that Defendants broke the law by assuming what they did was illegal.  Goodwin's pleading is often as much commentary as allegation.  For example, Bennett takes a fifteen-word quote attributed to one of the ERB Defendants and constructs a one-hundred-twenty-two-word block quote by inserting parenthetical and bracketed commentary and speculation about the speaker's motives.  [Doc. 70, p. 24].  This approach to pleading is not "short and plain," nor "simple, concise, and direct[.]" Fed. R. Civ. P. 8(a)(2), (d)(1).  Attorney Bennett's editorializing is inflammatory and unbecoming of an experienced lawyer.

Yet, the pleadings are not unintelligible.  An attentive reader can parse the conclusory from the informative and, with amendments made in the Second Amended Complaint, connect allegations to elements of most of Goodwin's claims.  The Court admonishes Bennett for filing noncompliant pleadings, but monetary sanctions on this ground are not proportional.

b. *Violations of Rule 11*

i. Relevant Law

Attorneys are required to certify to the Court that, to the best of their knowledge, information, and belief after an inquiry reasonable under the circumstances, the pleadings they filed contain only "claims, defenses, and other legal contentions . . . warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]" Fed. R. Civ. P. 11(b)(2). Rule 11 thus places an affirmative obligation on attorneys to conduct a reasonable inquiry into the law before filing a pleading. *Collins v. Daniels*, 916 F.3d 1302, 1320 (10th Cir. 2019). When they do not, courts generally have discretion to sanction violations after notice and a reasonable opportunity to respond. Fed. R. Civ. P. 11(c)(1); *see King v. Fleming*, 899 F.3d 1140, 1147 (10th Cir. 2018) (reviewing imposition of sanctions for abuse of discretion). The purpose of Rule 11 sanctions is to deter baseless filings and thereby streamline federal court administration, (*Collins*, 916 F.3d at 1322), but sanctions should not be applied excessively lest they begin "dampening the legitimate zeal of an attorney in representing his client." *Baca v. Berry*, 806 F.3d 1262, 1268 (10th Cir. 2015). Monetary sanctions for violations of Rule 11(b)(2) cannot be imposed against a represented party but can be imposed against her attorney or the law firm representing her. *See* Fed. R. Civ. P. 11(c)(1), (5)(A).

Legal arguments are frivolous for Rule 11 purposes, generally, when the advocate makes no colorable claim for application of existing or new law; frivolity is not defeated by the mere possibility of better arguments or research. *White v. Gen. Motors Corp.*, 908 F.2d 675, 680 (10th Cir. 1990). Attorneys can be sanctioned under Rule 11 for frivolous claims even if they include

non-frivolous claims in the same pleading.  *See Dodds Ins. v. Royal Ins. Co. of Amer.*, 935 F.2d 1152, 1158 (10th Cir. 1991).

ii.  Application

Goodwin's claims under 42 U.S.C. §§ 1981a and 1983 and all of her claims under Counts XI through XV are frivolous.  State Defendants gave Bennett notice of that problem and a reasonable opportunity to respond, but Bennett proceeded regardless.  To deter future violations, the Court will impose sanctions.

State Defendants were plainly immune, either partly or entirely, to each of the claims listed above.  The Court explained these immunities in its order dismissing Goodwin's claims, but to reiterate:  § 1981a creates no cause of action and clearly states punitive damages cannot be sought against "a government, government agency or political subdivision[.]"  42 U.S.C. § 1981a(b)(1).  Government officials are immune in their official capacity from § 1983 claims for damages (*see Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Elephant Butte Irrigation Dist. of N.M. v. U.S. Dept. of Interior*, 160 F.3d 602, 607 (10th Cir. 1998)), as are arms of state governments under the Eleventh Amendment.  *See* U.S. Const. amend. XI; *Hans v. Louisiana*, 134 U.S. 1, 10–11 (1890) (extending Eleventh Amendment immunity to suits by citizens of the defendant State).  New Mexico law immunizes governmental entities from contract claims unless based on "a valid written contract" and Goodwin presented no allegations suggesting the same.  N.M.S.A. 1978 § 37-1-23(A).  And the New Mexico Tort Claims Act creates no exceptions to the State's tort immunity for any of Goodwin's tort claims under counts XII through XV.  *See* N.M.S.A. 1978 §§ 41-4-4 through -12 (establishing governmental immunity and creating exceptions).  State Defendants warned Bennett about these immunities

and gave him a chance to refine the arguments or voluntarily dismiss the claims, to no avail. [Doc. 75, pp. 10–11, 18].

Immunities alone do not make these sanctions appropriate. What does is their obviousness, Bennett's lack of colorable arguments to the contrary, and the many opportunities to abandon unsupported claims. Reasonable attorneys reading § 1981a would see that the statute addresses only damages and excludes arms of state government from its punitive damages provision. Reasonable attorneys researching § 1983 claims or tort and contract claims against New Mexico government entities and officials would have identified the relevant statutes prior to filing, and if not before the original complaint, at least before filing a second amended complaint with actual notice of Defendants' challenges. Bennett's response to the motion to dismiss cites cases which themselves show that State Defendants were immune to Goodwin's § 1981a, § 1983, and contract claims. *See* [Doc. 78, pp. 18–20, 21–22]. More than that, Bennett did not even try to defend the miscellaneous tort claims, but still refused to concede them. [Doc. 78, p. 23]. Bennett's approach to this case does not satisfy the minimum requirements of Rule 11; to deter counsel from employing it in future cases, the Court authorizes sanctions.

## VI.   <u>CONCLUSION AND ORDER</u>

The Court will award attorneys' fees and expenses to State Defendants for time reasonably spent moving to dismiss Goodwin's claims against them under 42 U.S.C. §§ 1981a and 1983, and all claims under Counts XI through XIV. The Court will also award attorneys' fees and expenses to State Defendants arising from its motion for sanctions. State Defendants shall submit briefing and evidence to the Court on these fees and expenses within thirty days of entry of this order. Plaintiff and her counsel shall submit responsive briefing within fifteen days

of service of State Defendants' application for fees, and State Defendants will have the opportunity to reply within ten days of service of Plaintiff's response.

**IT IS SO ORDERED.**

_____
Hon. Jerry H. Ritter
United States Magistrate Judge
Presiding by Consent